STATE OF NORTH CAROLINA v. ULYSSES PERRY

No. 738SC370

(Filed 9 May 1973)

**Assault and Battery § 5; Robbery § 1— charge of armed robbery — guilty of assault with deadly weapon — judgment arrested**

Where defendant was charged with armed robbery but found guilty of assault with a deadly weapon inflicting serious bodily injury, the trial court should have granted his motion in arrest of judgment since assault with a deadly weapon inflicting serious injury is not a lesser included offense of armed robbery.

APPEAL by defendant from *Webb, Judge,* 28 November 1972 Session of Superior Court held in WAYNE County.

Defendant, Ulysses Perry, was charged in an indictment, proper in form, with the armed robbery of Glenore Polk Waters on 25 July 1971.

The jury found defendant guilty of assault with a deadly weapon inflicting serious bodily injury.

From a judgment imposing a prison sentence of from three to five years, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Russell G. Sherrill III for the State.*

*J. Faison Thomson, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of his motion in arrest of judgment.

In *State v. Stepney,* 280 N.C. 306, 318, 185 S.E. 2d 844, 852 (1972), Justice Huskins speaking for the North Carolina Supreme Court said:

"An assault with a deadly weapon inflicting serious injury is not a lesser included offense of armed robbery because the infliction of serious injury is not an essential ingredient of the armed robbery charge. It is only when *all* essentials of the lesser offense are included among the essentials of the greater offense that the law merges them into one and treats the less serious charge as a 'lesser included offense'."

See also *State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971).

Therefore, since a defendant may not lawfully be convicted of an offense not embraced within the offense charged in the bill of indictment, *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967), the judgment entered on the verdict in the present case must be arrested.

If the State is so advised, it may proceed against the defendant on a proper bill of indictment charging him with assault with a deadly weapon inflicting serious bodily injury.

Judgment arrested.

Judges BROCK and PARKER concur.