STATE OF NORTH CAROLINA v. LEWIS EUGENE HANNAH

No. COA00-1377

(Filed 16 April 2002)

**1. Assault— with a deadly weapon inflicting serious injury— lesser included offense—assault inflicting serious bodily injury**

The trial court erred by submitting to the jury assault inflicting serious bodily injury as a lesser included offense of assault with a deadly weapon with intent to kill inflicting serious injury.

"Serious bodily injury" requires proof of more severe injury than "serious injury."

**2. Burglary and Unlawful Breaking or Entering— intent at time of breaking and entering—infliction of serious injury—sufficiency of evidence**

Substantial evidence was presented that defendant possessed the requisite felonious intent at the time of a breaking and entering to inflict serious injury and thus to support his conviction of first-degree burglary where the victim testified that defendant had threatened to kill her if she ever left him; defendant told her that she had made him hate her, that he had not realized how much he could hate someone, and that he could snap her neck in a minute; immediately prior to the assault, the two had a heated argument over the phone which ended with defendant hanging up; defendant "shattered" the victim's door when she refused to open it; and defendant immediately ran to the victim, picked her up, threw her on her bed, and began to strangle her, saying "die, bitch, die."

**3. Burglary and Unlawful Breaking or Entering— first-degree burglary—lesser included offense—misdemeanor breaking and entering**

There was no plain error in the trial court's failure to instruct on misdemeanor breaking and entering as a lesser included offense of first-degree burglary where there was no evidence of the lesser offense.

**4. Evidence— assault—defendant's prior drug use**

Evidence of defendant's prior drug use was relevant in a prosecution which resulted in convictions for first-degree murder and assault inflicting serious bodily injury because the prior drug use explains the victim leaving defendant and his ill will towards her. Moreover, testimony regarding the drug use was minimal and there was substantial evidence that defendant committed the crimes of which he was convicted.

Appeal by defendant from judgment entered 19 May 2000 by Judge J. Marlene Hyatt in Haywood County Superior Court. Heard in the Court of Appeals 17 October 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Lars F. Nance, for the State.*

*Rudolph, Maher, Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant.*

BIGGS, Judge.

Defendant appeals his convictions of first degree burglary in violation of N.C.G.S. § 14-51, and assault inflicting serious bodily injury, in violation of N.C.G.S. § 14-32.4. For the reasons herein, we hold no error as to defendant's conviction for first-degree burglary; however, we vacate his assault conviction and order a new trial.

The evidence at trial tended to show the following: Jennifer Hannah (Hannah) and Lewis Hannah (defendant) had a turbulent marriage. Hannah left the marital home with their two children on three separate occasions, due largely to defendant's drug addiction and abusiveness. Hannah finally moved into an apartment with her children after defendant told her "that [she] had made him hate [her], and he didn't realize how much he could hate somebody, and that he could snap [her] neck in a minute."

On the evening of 31 December 1999, Hannah put her children to bed around 11 p.m. and went to bed shortly thereafter. She was awakened by a phone call from defendant, asking her to come by his trailer the following day; she refused, and an argument ensued. Defendant abruptly hung up the phone and Hannah went back to bed. Later that evening, Hannah heard a loud truck pull up to the apartment, and immediately called 911. Defendant demanded to come in, but Hannah refused; defendant, then splintered the door, burst in, ran to Hannah, picked her up by the face, threw her onto the bed, and began to strangle her. As she lost consciousness, Hannah heard defendant shouting, "[d]ie, b[], die!" Upon regaining consciousness, Hannah again called 911 and reported the incident to the operator. Shortly thereafter, a police officer arrived followed by EMS and Hannah's in-laws.

On 10 January 2000, defendant was indicted as follows: 1) first-degree burglary, in violation of N.C.G.S. § 14-51; 2) attempted murder, in violation of N.C.G.S. § 14-17; and 3) assault with a deadly weapon with intent to kill inflicting serious injury, in violation of N.C.G.S. § 14-32(a).

The jury convicted defendant of first-degree burglary in violation of N.C.G.S. § 14-51, and assault inflicting serious bodily injury, in vio-

lation of N.C.G.S. § 14-32.4. The jury acquitted defendant of attempted first-degree murder. The trial court imposed consecutive sentences for the first-degree burglary and assault convictions. Defendant filed notice of appeal on 24 May 2000.

I.

At the outset, we note that while defendant sets forth seventeen assignments of error, those that he has failed to address in his brief are deemed abandoned pursuant to Rule 28(a) of the North Carolina Rules of Appellate Procedure.

[1] Defendant first assigns as error the trial court's denial of his motion to dismiss the felony assault charge, contending that the evidence was insufficient to show the victim suffered "serious bodily injury." We need not address this contention. We hold that assault inflicting serious bodily injury, the offense for which the defendant was convicted, is not a lesser-included offense of assault with a deadly weapon with intent to kill and inflict serious injury, the offense charged in the indictment; therefore, the court committed reversible error in submitting the former to the jury. Accordingly, defendant's conviction of assault inflicting serious bodily injury must be vacated, and a new trial granted.

"[I]t is fundamental to due process that a defendant cannot be convicted of a crime with which he has not been charged." *State v. Gibson*, 333 N.C. 29, 39, 424 S.E.2d 95, 101 (1992), *overruled on other grounds by State v. Lynch*, 334 N.C. 402, 432 S.E.2d 349 (1993). "When a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser, all of which could be proved by proof of the allegations in the indictment." *State v. Hudson*, 345 N.C. 729, 732-33, 483 S.E.2d 436, 438 (1997) (citation omitted).

In the present case, defendant was charged by indictment with the offense of assault with a deadly weapon with intent to kill or inflicting serious injury, under N.C.G.S. § 14-32(a) (1999). The indictment read in pertinent part, "defendant . . . did assault Jennifer Katherine Hannah with his hands, a deadly weapon, with the intent to kill and inflicting serious injury." In addition to submitting the offense charged in the indictment to the jury, on the felony assault, the court also submitted as a lesser-included offense, assault with a deadly weapon inflicting serious injury, under N.C.G.S. § 14-32(b) (1999), and

assault inflicting serious bodily injury under N.C.G.S. § 14-32.4 (1999). While the trial court is required to submit all lesser-included offenses raised by the evidence, *State v. Conaway*, 339 N.C. 487, 453 S.E.2d 824, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995), "a defendant may not [be] lawfully convicted of an offense not embraced within the offense charged in the bill of indictment." *State v. Perry*, 18 N.C. App. 141, 142, 196 S.E.2d 369, 369 (1973).

This Court has long held that "the definitions accorded the crimes determine whether one offense is a lesser included offense of another crime." *State v. Weaver*, 306 N.C. 629, 635, 295 S.E.2d 375, 379 (1982), *overruled in part on other grounds by State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993). "If the lesser crime has an essential element which is not completely covered by the greater [offense], it is not a lesser[-]included offense." *Id.* Our Supreme Court rejected the argument that an offense which was not ordinarily a lesser-included offense could become a lesser-included offense under specific factual circumstances. *Id.* at 635, 295 S.E.2d at 379. In the case *sub judice*, the charge of assault with a deadly weapon inflicting serious injury is a lesser-included offense of the crime charged, and was properly submitted to the jury. *See generally, State v. Washington*, 142 N.C. App. 657, 544 S.E.2d 249, *disc. review denied*, 353 N.C. 532, 550 S.E.2d 165 (2001). However, we conclude that all of the essential elements of assault inflicting serious bodily injury are not fully embraced in the offense with which defendant was charged in the indictment, assault with a deadly weapon with intent to kill and inflict serious injury; thus, it was error for the court to submit to the jury the charge of assault inflicting serious bodily injury.

Assault inflicting serious bodily injury requires proof of two elements: (1) the commission of an assault on another, which (2) inflicts serious bodily injury. *State v. Wampler*, 145 N.C. App. 127, 549 S.E.2d 563 (2001); *see also*, N.C.G.S. § 14-32.4 (1999). While it is clear that the first element of this offense is also an element of the indicted offense in this case, we conclude the second is not. Based on our review of the relevant statutes and case law, we conclude that "serious bodily injury" requires proof of more severe injury than the "serious injury" element of the indicted offense. *See State v. Wampler*, 145 N.C. App. 127, 549 S.E.2d 563 (holding that victim's injuries went beyond serious injury necessary to indict for an assault with a deadly weapon with intent to kill or inflict serious injury, and constituted the permanent disfigurement contemplated by N.C.G.S. § 14-32.4).

Our Courts have declined to define "serious injury" for purposes of assault prosecutions, other than stating that " '[t]he injury must be serious but it must fall short of causing death' and that '[f]urther definition seems neither wise nor desirable.' " *State v. Ramseur*, 338 N.C. 502, 507, 450 S.E.2d 467, 471 (1994) (quoting *State v. Jones*, 258 N.C. 89, 91, 128 S.E.2d 1, 3 (1962)). In 1997, however, the legislature created the offense of assault inflicting serious bodily injury, and specifically defined serious bodily injury as:

> a bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, or a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.

N.C.G.S. § 14-32.4.

A review of the case law would suggest that our courts have found *serious injury* in situations that may not rise to the level of *serious bodily injury* as defined under N.C.G.S. § 14-32.4, for example: shards of glass in the arm and shoulder of a victim of a drive-by shooting into the victim's vehicles, coupled with an officer's observation that the victim was shaken, *State v. Alexander*, 337 N.C. 182, 446 S.E.2d 83 (1994); a bullet that pierced through the shoulder of the victim, creating two holes in his upper body, *State v. Streeter*, —— N.C. App. ——, 553 S.E.2d 240 (2001); gunshot wound which resulted in multiple broken bones of the victim's arm, *State v. Washington*, 142 N.C. App. 657, 544 S.E.2d 249 (2001); stab wound to the back and shoulder, *State v. Grigsby*, 351 N.C. 454, 526 S.E.2d 460 (2000); and a broken wrist, chewed fingers and a gash in the head, *State v. Wampler*, 145 N.C. App. 127, 549 S.E.2d 563.

Thus, while there may be factual situations in which the elements of "serious bodily injury" and "serious injury" are in apparent identity, this does not satisfy the definitional approach required to determine whether one offense is a lesser included offense of another. *See State v. Hudson*, 345 N.C. 729, 483 S.E.2d 436 (1997). Proof of the greater offense, in this case assault with a deadly weapon with intent to kill and inflict serious injury, is not necessarily sufficient to find proof of the lesser, assault inflicting serious bodily injury. We note further, that in creating the offense of assault inflicting serious bodily injury, the legislature made it a Class F felony, while the corresponding offense of assault inflicting serious injury is a misdemeanor under N.C. Gen. Stat. § 14-33 (1999).

We conclude that, because the element of "serious bodily injury" requires proof of more severe injury than the element of "serious injury", assault inflicting serious bodily injury is not a lesser-included offense of assault with a deadly weapon with intent to kill and inflict serious injury. Accordingly, it was error for the trial court to submit assault inflicting serious bodily injury as a lesser-included offense to the jury. We vacate defendant's conviction on the felony assault charge, and remand for a new trial on that issue.

## II.

**[2]** Defendant next assigns as error the trial court's denial of his motion to dismiss the burglary charge, arguing that the evidence was insufficient to show that he broke and entered with a felonious intent. We find no error.

First-degree burglary is defined as the unlawful breaking and entering of an occupied dwelling or sleeping apartment, in the night-time, with the intent to commit a felony therein. Defendant contends that the State lacked compelling and direct evidence to establish that he broke into Hannah's home with intent to cause her serious injury. We find this contention without merit, for the reasons below.

A conviction of first-degree burglary requires proof that the intent to commit a felony assault existed at the time of the breaking and entering. *See generally, State v. Barlowe*, 337 N.C. 371, 446 S.E.2d 352 (1994). "Intent is a mental attitude seldom provable by direct evidence[;] [i]t must ordinarily be proved by circumstances from which it may be inferred." *State v. Bostic*, 121 N.C. App. 90, 99, 465 S.E.2d 20, 25 (1995); *State v. Brandon*, 120 N.C. App. 815, 463 S.E.2d 798 (1995). The determining factor, then, is whether there was sufficient evidence from which a reasonable juror could infer that defendant possessed the requisite intent to commit serious injury. *See, State v. Mitchell*, 336 N.C. 22, 442 S.E.2d 24 (1994) (when determining whether an element exists, a jury may rely on its common sense and knowledge it has acquired through everyday experience).

In the case *sub judice*, Hannah testified to the following: prior to the day of the assault, defendant threatened to kill her if she ever left him; defendant told her that she had made him hate her and that he did not realize how much he could hate somebody and that he could "snap [her] neck in a minute"; immediately prior to the assault the two had a heated argument over the phone, which ended abruptly

with defendant hanging up the phone; when Hannah refused to open the door, defendant "shattered" the door and broke through, running for her; defendant immediately attacked Hannah in that "[h]e picked [her] up by [the] face and threw [her] backwards into [her] bed and began to strangle [her] and [told her] to 'die, bitch, die.'"

We conclude, upon consideration of the evidence in the light most favorable to the State, that substantial evidence was presented that defendant possessed the requisite felonious intent at the time of the breaking and entering to inflict serious injury; thus, the judge properly allowed the jury to decide whether the defendant satisfied all elements of attempted first-degree burglary. Accordingly, this assignment is overruled.

## III.

[3] In defendant's next two assignments, he contends that the trial court erred by failing to instruct the jury on the lesser-included offenses of misdemeanor breaking and entering as a lesser-included offense of first-degree burglary, and misdemeanor assault as a lesser-included offense of assault inflicting serious injury with intent to kill and inflict serious injury. Because we have vacated the felony assault charge, we will only address defendant's contentions related to the burglary charge.

At the outset, we note that defense counsel neither objected to the jury charges at trial, nor requested instructions on misdemeanor breaking and entering. Thus, we must review this assignment for plain error. ("In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the *judicial action questioned is specifically and distinctly contended to amount to plain error.*" N.C.R. App. P. 10(c)(4) (emphasis added)). Plain error is error "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988). The North Carolina Supreme Court has chosen to review such "unpreserved issues for plain error when . . . the issue involves either errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence." *State v. Cummings*, 346 N.C. 291, 313-14, 488 S.E.2d 550, 563 (1997), *cert. denied*, 522 U.S. 1092, 139 L. Ed. 2d 873 (1998).

We thus consider whether the trial court's failure to instruct on a lesser included offense amounted to plain error. Our Supreme Court has held that a trial court must instruct the jury on a lesser-included offense only if there is evidence that the defendant might be guilty of the lesser-included offense. *State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993). Evidence of a lesser-included offense must be evidence that might convince a rational trier of fact to convict of the lesser offense. *State v. Peacock*, 313 N.C. 554, 330 S.E.2d 190, 193 (1985). If the State's evidence is clear and positive as to each element of the charged offense, and if there is no evidence of the lesser-included offense, there is no error in refusing to instruct on the lesser offense. *Id.*

Defendant contends that the jury should have been instructed on misdemeanor breaking and entering as a lesser included offense of first-degree burglary because there was evidence presented from which the jury could find that the breaking and entering was done without a felonious intent. We conclude that there was no evidence of the lesser included offense, and further conclude that the trial court did not err in declining to instruct on misdemeanor breaking and entering as a lesser included offense of first-degree burglary. Accordingly, this assignment of error is overruled.

IV.

**[4]** Defendant next argues that the trial court erred in admitting irrelevant and unfairly prejudicial evidence about defendant's prior drug use, unrelated to the burglary and assault. We find no error.

Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1999). In the context of burglary and assault, "evidence is relevant if it 'tend[s] to shed light upon the circumstances surrounding the [breaking and entering]' " with intent to commit an assault inflicting serious bodily harm. *State v. Richmond*, 347 N.C. 412, 428, 495 S.E.2d 677, 685, *cert. denied*, 525 U.S. 843, 142 L. Ed. 2d 88 (1998) (quoting *State v. Stager*, 329 N.C. 278, 322, 406 S.E.2d 876, 901 (1991)), *cert. denied*, 525 U.S. 843, 142 L. Ed. 2d 88 (1998). Such evidence is generally admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. § 8C-1, Rule 403. The decision

whether to exclude relevant evidence under Rule 403 lies within the sound discretion of the trial court, *State v. Braxton*, 352 N.C. 158, 531 S.E.2d 428, *cert. denied*, 531 U.S. 1130, 148 L. Ed. 2d 797 (2000), and " 'its ruling may be reversed for abuse of discretion only upon a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision,' " *State v. Richmond*, 347 N.C. at 429, 495 S.E.2d at 686 (quoting *State v. Collins*, 345 N.C. 170, 174, 478 S.E.2d 191, 194 (1996)).

The admissibility of specific acts of misconduct by the defendant is governed by N.C.G.S. § 8C-1, Rule 404(b) (1999), which provides:

> (b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Rule 404(b) is a general rule of inclusion of relevant evidence of other crimes, and wrongs committed by a defendant and is subject to only one exception which requires exclusion of such evidence if offered only to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged. *State v. Syriani*, 333 N.C. 350, 428 S.E.2d 118, *cert. denied*, 510 U.S. 948, 126 L. Ed. 2d 341 (1993). Moreover, in applying Rule 404(b), the courts have consistently held that evidence that would otherwise show "bad character" is admissible if it is offered to show something other than bad character, such as "malice . . ., intent or ill will against the victim." *State v. Alston*, 341 N.C. 198, 229, 461 S.E.2d 687, 703 (1995), *cert. denied*, 516 U.S. 1148, 134 L. Ed. 2d 100 (1996).

In the case *sub judice*, the evidence regarding defendant's prior drug use is relevant, because it tends to explain the nature of his relationship with Hannah and to establish defendant's ill will towards Hannah. It explains Hannah's reason for leaving defendant, which led to his threats against her. Thus, the evidence is relevant to issues other than defendant's propensity to commit the crimes for which he is charged. We therefore hold that the evidence of defendant's prior drug use was admissible under Rule 404(b).

Further, assuming *arguendo* that it was error to allow testimony regarding defendant's drug use, we find such error harmless. Where there is no reasonable possibility that, had the evidence not been

admitted, a different result would have been reached at trial, then such error is harmless. *State v. Sullivan*, 86 N.C. App. 316, 357 S.E.2d 414, *disc. review denied*, 321 N.C. 123, 361 S.E.2d 602 (1987). In the present case, the testimony of Hannah regarding defendant's drug habit was minimal. We hold that there was substantial evidence that defendant committed the crimes of which he was convicted, irrespective of defendant's drug use. Accordingly, this assignment of error is overruled.

We hold that defendant is entitled to a new trial on the felonious assault, and we find no error of his conviction of first-degree burglary.

No error on burglary conviction; vacate assault conviction, new trial.

Judges McGEE and TIMMONS-GOODSON concur.