STATE OF NORTH CAROLINA v. BRADLEY DEAN CRAWFORD

No. COA04-286

(Filed 4 January 2005)

**1. Assault— on law enforcement officer—serious injury or serious bodily injury—felony**

An indictment was sufficient to charge the felony of assault on a law enforcement officer under N.C.G.S. § 14-34.7 even though it alleged the infliction of "serious injury" rather than "serious bodily injury." The manifest intent of the Legislature in enacting N.C.G.S. § 14-34.7 was to punish as a felony assaults against law enforcement officers inflicting serious injury or serious bodily injury.

**2. Assault— on law enforcement officer—lesser offense of misdemeanor assault—instruction refused**

The trial court did not err in a prosecution for assault on a law enforcement officer inflicting serious bodily injury by not instructing the jury on the lesser offense of assault inflicting serious injury. N.C.G.S. § 14-34.7 aggravates misdemeanor assault inflicting serious injury when the offense is against a law enforcement officer; there is no evidence that the victim here was not a law enforcement officer.

Appeal by Defendant from judgment entered 31 October 2003 by Judge Russell J. Lanier, Jr. in Superior Court, New Hanover County. Heard in the Court of Appeals 16 November 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General John J. Aldridge, III, for the State.*

*Richard E. Jester for defendant-appellant.*

**STATE v. CRAWFORD**

[167 N.C. App. 777 (2005)]

WYNN, Judge.

Under N.C.G.S. § 14-34.7, an assault upon a law enforcement officer inflicting *serious bodily injury* constitutes a felony. Defendant contends that because N.C.G.S. § 14-33(c) makes an assault inflicting *serious injury* a misdemeanor, the indictment in this case charging him with inflicting *serious injury* (rather than *serious bodily injury*) on a law enforcement officer was fatally defective. Because our Supreme Court recognizes a "manifest purpose" exception to the rule of lenity, we are constrained to hold that even if the language of this statute is ambiguous, the "manifest purpose" of the legislature was to make an assault upon a law enforcement officer inflicting *serious injury* a felony under N.C.G.S. § 14.34.7. *State v. Jones*, 358 N.C. 473, 598 S.E.2d 125 (2004). Accordingly, we uphold Defendant's conviction.

The evidence at trial tended to show that on 18 November 2002, New Hanover County Deputy Sheriff Michael Howe received a radio transmission from his supervisor regarding a priority outstanding warrant for Defendant. After receiving this transmission, Deputy Howe proceeded to Defendant's residence where he arrived at approximately 9:49 a.m. and knocked on the door. Defendant opened the door and stepped outside. When Deputy Howe informed Defendant that he had a warrant for his arrest, Defendant went back into the house and yelled that he needed to get some shoes. Deputy Howe followed Defendant inside the residence and into a room where Defendant said he was getting shoes. Deputy Howe did not see any shoes in the room and asked Defendant to place his hands on the desk; Defendant complied.

But before Deputy Howe could place handcuffs on Defendant, a scuffle ensued. Deputy Howe testified that Defendant knocked the handcuffs away and punched him. Deputy Howe then punched Defendant several times with a closed fist and as the two fell to the floor Deputy Howe's right hand hit a television. Defendant's girlfriend, Francis Renee Clayton, testified that she witnessed the arrest. She testified that after Defendant placed his hands on the desk, Deputy Howe threw him to the ground and punched his head several times.

Deputy Howe suffered from a fracture to the fourth metacarpal in his right hand. The injury completely healed, however, Deputy Howe lost twenty percent extension of his right wrist. He underwent physical therapy and returned to his job in full duty.

At the close of the State's evidence, the trial court denied Defendant's motion to dismiss and a jury found Defendant guilty of assault on a law enforcement officer inflicting serious bodily injury and resist, delay or obstructing an officer in the performance of his duties. The trial court arrested judgment on the resist, delay, or obstruct charge and sentenced Defendant to a term of fifteen to eighteen months imprisonment. The imprisonment was suspended and Defendant was placed on supervised probation with a thirty-day split active sentence. Defendant appealed.

---

[1] On appeal, Defendant first contends that the trial court lacked jurisdiction to try the offense because the indictment was fatally defective. He contends that because the text of the indictment charged him with assault on a law enforcement officer inflicting *serious injury* rather than *serious bodily injury*, the indictment was fatally defective since N.C.G.S. § 14-33 makes an assault inflicting serious injury a misdemeanor. We disagree.

An indictment is "a written accusation by a grand jury, filed with a superior court, charging a person with the commission of one or more criminal offenses." N.C. Gen. Stat. § 15A-641(a) (2003). "North Carolina law has long provided that '[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court [acquires] no jurisdiction [whatsoever], and if it assumes jurisdiction a trial and conviction are a nullity.' " *State v. Neville*, 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992) (quoting *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966)). An indictment is fatally defective "if it 'wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty.' " *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998) (citation omitted). "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981).

Here the indictment stated:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did assault M. J. Howe, a law enforcement officer of the New Hanover Sheriff's Department, and did inflict *serious injury* on

the officer. At the time of this offense, the officer was performing the duties of his office by attempting to serve outstanding warrants on the defendant.

(emphasis added). The indictment listed N.C.G.S. § 14-34.7 as the relevant statute.

North Carolina statutory law defines "serious bodily injury" as "bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization." N.C. Gen. Stat. § 14-32.4 (2003). While our statutes do not define the term "serious injury", in *State v. Hannah*, 149 N.C. App. 713, 563 S.E.2d 1 (2002), this Court stated "the element of 'serious bodily injury' requires proof of more severe injury than the element of 'serious injury.'" *Id.* at 719, 563 S.E.2d at 5. Further, N.C.G.S. § 14-33(c) makes assault inflicting serious injury a misdemeanor.

In general, when a criminal statute is unclear, the long-standing rule of lenity "forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention." *State v. Boykin*, 78 N.C. App. 572, 577, 337 S.E.2d 678, 681 (1985); *see also Bell v. United States*, 349 U.S. 81, 99 L. Ed. 905 (1955) (defining the rule of lenity). The rule of lenity applies only when the applicable criminal statute is ambiguous. *State v. Cates*, 154 N.C. App. 737, 740, 573 S.E.2d 208, 210 (2002).

In this case, Defendant was convicted under N.C.G.S. § 14-34.7, which is entitled, with emphasis added, "Assault inflicting *serious injury* on a law enforcement, probation, or parole officer or on a person employed at a State or local detention facility." However, the text of N.C.G.S. § 14-34.7 makes assault inflicting "serious bodily injury" upon a law enforcement officer a class F felony.[1] This creates an ambiguity within the statute as the title states "serious injury" and the text states "serious bodily injury."

---

1 N.C.G.S. § 14-34.7 provides:

Unless covered under some other provision of law providing greater punishment, a person is guilty of a Class F felony if the person assaults a law enforcement officer, probation officer, or parole officer while the officer is discharging or attempting to discharge his or her official duties and inflicts serious bodily injury on the officer.

N.C. Gen. Stat. § 14-34.7(a) (2003).

Under North Carolina law, the terms "serious injury" and "serious bodily injury" do not appear to be interchangeable. *See Hannah*, 149 N.C. App. at 719, 563 S.E.2d at 5; *cf.* N.C.G.S. §§ 14-32.4[2] (assault inflicting serious bodily injury is a felony) and 14-33(c)[3] (assault inflicting serious injury is a misdemeanor). Thus, under the traditional rule of lenity, any ambiguity between the use of the term "serious injury" in the title of N.C.G.S. § 14-34.7 and the text thereafter would be construed against the State to mean that an indictment charging assault on a law enforcement officer creates a misdemeanor, not a felony. *Boykin*, 78 N.C. App. at 577, 337 S.E.2d at 681.

But recently our Supreme Court recognized that even if the statute is ambiguous, "[w]hen interpreting statutes, our principal goal is 'to effectuate the purpose of the legislature.' " *Jones*, 358 N.C. at 477, 598 S.E.2d at 128 (citation omitted). Thus, while the Court acknowledged that the statute in that case evinced "at best, an ambiguity", it concluded that " 'where a literal interpretation of the language of a statute will . . . contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded.' " *Id.* at 477-8, 598 S.E.2d at 128 (quoting *State v. Barksdale*, 181 N.C. 621, 625, 107 S.E. 505, 507 (1921)).

In *Jones*, N.C.G.S. § 90-90(1) classified cocaine as a Schedule II controlled substance. The punishment for a Schedule II controlled substance is found in N.C.G.S. § 90-95(d)(2), which provides that a person found in possession of a Schedule II controlled substance is "guilty of a Class 1 misdemeanor," but the third sentence creates

---

2. N.C.G.S. § 14-32.4 provides:

Unless the conduct is covered under some other provision of law providing greater punishment, any person who assaults another person and inflicts serious bodily injury is guilty of a Class F felony. "Serious bodily injury" is defined as bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.

N.C. Gen. Stat. § 14-32.4(a).

3. N.C.G.S. § 14-33(c) provides:

Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she: (1) Inflicts serious injury upon another person or uses a deadly weapon.

N.C. Gen. Stat. § 14-33(c) (2003).

ambiguity by stating "the violation shall be punishable as a Class I felony." N.C. Gen. Stat. § 90-95(d)(2) (2003). The Supreme Court held that since the criminal statute was ambiguous, but the "manifest purpose" of the legislative was to make possession of cocaine a felony, the statute would be interpreted as making possession of cocaine a felony. *Jones*, 358 N.C. at 486, 598 S.E.2d at 133.

Following *Jones*, we are constrained to hold that notwithstanding the language of the statute, the "manifest purpose" of the Legislature in enacting N.C.G.S. § 14-34.7 was to make an assault inflicting "serious injury" or "serious bodily injury" against a law enforcement officer, a felony. Accordingly, we reject Defendant's assignment of error to the contrary.[4]

**[2]** Defendant next argues that the trial court erred in failing to instruct the jury on the lesser-included offense of assault inflicting serious injury. We disagree.

Under North Carolina law, a defendant may be convicted of the offense charged or of a lesser-included offense when the greater offense in the indictment includes all the essential elements of the lesser offense. *State v. Snead*, 295 N.C. 615, 622, 247 S.E.2d 893, 897 (1978); *State v. Riera*, 276 N.C. 361, 368, 172 S.E.2d 535, 540 (1970). When there is evidence to support the milder verdict, the court must charge upon it even when there is no specific prayer for the instruction. *Id.*

In this case, there is no evidence to suggest that Deputy Howe was not a law enforcement officer. Inasmuch as we hold that N.C.G.S. § 14-34.7 aggravates assault inflicting "serious injury" when the offense is against a law enforcement officer, we conclude that the trial court did not err in not presenting the misdemeanor charge to the jury.

We have considered Defendant's remaining assignments of error and find them to be without merit.

---

4. Additionally, if interpreted the plain language of the statute N.C.G.S. § 14-34.7 would simply be a repetition of N.C.G.S. § 14-32.4. N.C.G.S. § 14-34.7 would create no additional punishment for assaulting a law enforcement officer, as was the legislature's intent by writing a law enforcement specific statute. However, if N.C.G.S. § 14-34.7 is interpreted to mean assault on a law enforcement officer inflicting *serious injury*, then this statute would aggravate the punishment for assault on a law enforcement officer from a misdemeanor to a class F felony, which was the legislature's "manifest purpose."

No error.

Judges HUDSON and ELMORE concur.