STATE OF NORTH CAROLINA v. CHRISTOPHER SEAN DOWNS

No. COA06-28

(Filed 17 October 2006)

**Assault— serious bodily injury—loss of tooth**

The loss of a live, natural tooth was evidence of a serious permanent disfigurement, despite the prospect of a dental implant, sufficient for the serious bodily injury element of assault inflicting serious bodily injury. N.C.G.S. § 14-32.4(a).

Appeal by defendant from judgment entered 16 September 2005 by Judge Zoro J. Guice in Buncombe County Superior Court. Heard in the Court of Appeals 14 September 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Michael D. Youth, for the State.*

*Allen W. Boyer for defendant.*

LEVINSON, Judge.

Christopher Sean Downs (defendant) appeals from judgment entered upon his conviction for assault inflicting serious bodily injury. We find no error.

The pertinent facts may be summarized as follows: On 8 March 2005, in a classroom at T. C. Roberson High School in Buncombe County North Carolina, defendant struck Zach Siler several times. The strikes resulted in a number of sustained injuries to Siler: severe facial swelling, an abrasion on the scalp, eye swelling resulting in the left eye temporarily closing, a minimally displaced fractured nose, and an "evulsed No. 8 " tooth.[1]

Siler was immediately taken to the hospital, where he was treated for three or four hours. Siler's injured lip was sutured with three stitches, and x-rays were taken of his head and face. Siler was given a prescription for painkillers and antibiotics to prevent infection. When Siler was discharged later the same day, he was still feeling "pretty strong" pain and thereafter missed three days of school. The pain in Siler's face and nose lasted for five or six days. A month later, Siler's dentist fashioned a temporary prosthetic tooth to fill the gap left by the knocked-out tooth. Siler's mouth continued to hurt until he began wearing the temporary prosthetic tooth. Siler, who was fifteen (15) years old at the time of the incident, will receive a permanent prosthetic tooth when he turns eighteen (18).

Defendant was convicted of assault inflicting serious bodily injury and was sentenced to a suspended prison term of 16-20 months. Defendant now appeals.

Defendant contends that the trial court erred by denying his motion to dismiss the charge of assault inflicting serious bodily injury because the State failed to present substantial evidence that Siler suffered serious bodily injury. We disagree.

When ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential ele-

---

1. *See* Ida G. Dox, PhD, et al., *American Jurisprudence Proof of Facts 3d Series Attorney's Illustrated Medical Dictionary* T52 (2002) (Number 8 tooth is the maxillary central incisor, located in the top front row of teeth next to the maxillary lateral incisor).

ment of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996).

> Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility.

*State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (2002) (internal citations and quotation marks omitted). "[T]he rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both." *State v. Crouse*, 169 N.C. App. 382, 389, 610 S.E.2d 454, 459 (2005) (quoting *State v. Wright*, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981)).

N.C. Gen. Stat. § 14-32.4 (2005) requires proof of "(1) the commission of an assault on another, which (2) inflicts serious bodily injury." *State v. Hannah*, 149 N.C. App. 713, 717, 563 S.E.2d 1, 4 (2002). G.S. § 14-32.4(a) defines serious bodily injury as:

> . . . injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.

In ordinary usage, "disfigurement" is defined as "[t]o mar or spoil the appearance or shape of." Webster's II New College Dictionary 332 (3d ed. 2005). Defendant's assault caused Siler to forever lose a natural tooth, and therefore "marred and spoiled" his appearance. Notwithstanding the prospect of a dental implant, the fact remains that Siler suffered the permanent loss of his own live, natural tooth. Because there is substantial record evidence of a serious permanent disfigurement, this assignment of error is overruled.

No error.

Judges STEELMAN and STEPHENS concur.