STATE OF NORTH CAROLINA
v.
JESSE GREENHILL
No. COA07-1378
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Stormie D. Forte, for the State.
William B. Gibson for defendant appellant.
McCULLOUGH, Judge.
Defendant appeals from judgment consistent with a jury verdict finding him guilty of felony assault inflicting serious bodily injury. For the following reasons, we find no error.
The State's evidence tended to show that on 17 May 2006, the victim, Kelly Bennett Kolb ("Kolb"), was watching a movie at defendant's home in Durham County when defendant struck her forehead with a remote control. Kolb went to gather her belongings and the two started to struggle. The altercation moved from the living room into the kitchen where defendant wrestled Kolb to the floor. As Kolb lay on the kitchen floor, defendant kicked her in the left side of her face. The force of the kick made Kolb strike the right side of her face against the refrigerator. Kolb left defendant's house, walked to her mother's home and went to sleep after she arrived. The next morning, Kolb showed her jaw to her mother and told her mother that her jaw "really hurt."
On 20 May 2006, Kolb sought medical attention for her jaw at Bladen County Hospital. After conducting a physical examination and reviewing x-rays, Dr. Justin Broughton determined Kolb had a broken jaw. Dr. Broughton gave Kolb Toradol, an analgesic for her pain and told her to seek treatment from an oral surgeon. Dr. Jeffrey Jelic subsequently wired Kolb's jaw shut for eight weeks to heal the fracture, which extended from the bottom right-hand eye tooth, diagonally through the lower jaw.
At trial, Dr. Jelic testified that he provided Kolb with anesthesia when he put on the braces and removed them; that he prescribed a narcotic for Kolb's "significant pain" the first week; and that Kolb was on a "puree type of diet" while her jaw was wired together. Kolb testified that she was in "severe pain" the night she went to her mother's house. Kolb further testified that because of her broken jaw, she "lost a lot of weight, I got down to 98 pounds."
At the close of the State's evidence and at the close of all the evidence, defendant moved to dismiss the charges against him. The trial court denied the motions and subsequently instructed the jury on the charges of assault by strangulation, felony assault inflicting serious bodily injury and the lesser included offense of assault inflicting serious injury. In instructing the jury on the felony assault inflicting serious bodily injury charge, the trial court defined "serious bodily injury" as an "injury that creates or causes a protracted condition that causes extreme pain." The jury found defendant guilty of felony assault inflicting serious bodily injury and not guilty of assault by strangulation. The trial court sentenced defendant to fourteen to seventeen months' imprisonment. Defendant appeals.
In his sole argument on appeal, defendant contends the trial court erred by denying his motion to dismiss the assault inflicting serious bodily injury charge. Defendant asserts the State failed to present substantial evidence that the injuries sustained by Kolb resulted in "serious bodily injury." We disagree.
The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343N.C. 29, 36, 468 S.E.2d 232, 237 (1996), cert. allowed, 348 N.C. 507, 506 S.E.2d 252 (1998).
To prevail on the charge against defendant in this case, the State must present substantial evidence of: "(1) the commission of an assault on another, which (2) inflicts serious bodily injury." State v. Hannah, 149 N.C. App. 713, 717, 563 S.E.2d 1, 4 (2002) (citation omitted), disc. review denied, 355 N.C. 754, 566 S.E.2d 81 (2002). N.C. Gen. Stat. § 14-32.4(a) (2007), provides in pertinent part:
"Serious bodily injury" is defined as bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.
Id. (emphasis added).
In State v. Williams, 150 N.C. App. 497, 563 S.E.2d 616 (2002), this Court addressed the sufficiency of evidence of serious bodily injury where the jury instruction limited the definition of serious bodily injury to "`an injury that creates or causes a permanent or protracted condition that causes extreme pain.'" Id. at 503, 563 S.E.2d at 620. In Williams, the State presented evidence that the victim suffered a broken jaw that was wired shut for two months, and suffered back spasms for eight months, which resulted in two visits to the emergency room because of difficulty breathing. Id. In addition, the treating physician testified that the victim's injury was the type of injury that caused "`quite abit' of pain and discomfort." Id. at 503-04, 563 S.E.2d at 620. Based on this evidence, our Court held that "a reasonable juror could find this evidence sufficient to conclude that [the victim's] injuries created a `protracted condition that cause[d] extreme pain.'" Id. at 504, 563 S.E.2d at 620.
Here, the victim testified she was in "severe pain" and that she "lost a lot of weight[.]" Dr. Jelic testified that the victim suffered from a lower jaw fracture that required her jaw to be wired shut for eight weeks. In addition, Drs. Jelic and Broughton prescribed medication for the victim's "significant" pain. Viewing this evidence in the light most favorable to the State, we conclude there was sufficient evidence that the victim's injuries created a "protracted condition that caused extreme pain[.]" N.C. Gen. Stat. § 14-32.4(a). Accordingly, the trial court properly denied defendant's motion to dismiss.
No error.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).