An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-591

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

v.

MELVIN CHARLES HARRELL

Stokes County
Nos. 10 CRS 446, 50048-50,
51449

Appeal by defendant from judgment entered 8 December 2010 by Judge L. Todd Burke in Stokes County Superior Court. Heard in the Court of Appeals 22 October 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Phyllis A. Turner, for the State.*

> *William B. Gibson for defendant-appellant.*

BRYANT, Judge.

Because defendant's felony conviction for escape from jail was used both to establish his habitual felon status and to calculate his prior record level in violation of General Statutes section 14-7.6, we reverse the trial court's judgment and remand for resentencing. Because the trial court entered judgment against defendant on a charge of possession of a

firearm by a felon, when no indictment had been entered as to that charge, we vacate the trial court's judgment as to that charge.

On 5 April 2010, under file number 10 CRS 50048, a Stokes County Grand Jury indicted defendant Melvin Charles Harrell on the charge of extortion. Under file number 50049, defendant was indicted on charges of breaking and entering a motor vehicle, larceny, possession of stolen goods, and larceny of a firearm. The grand jury also indicted defendant on attaining habitual felon status; however, on 4 October 2010, a superseding indictment on attaining habitual felon status was issued under file number 10 CRS 446. Also, on 4 October 2010, under file number 10 CRS 51449, the grand jury indicted defendant on the charge of second-degree murder for the murder of eighty-four year old Ida Plummer Stilley.

On 8 December 2010, defendant and the State entered into a plea agreement wherein defendant agreed to plead guilty to attaining habitual felon status under file number 10 CRS 446; extortion under file number 10 CRS 50048; breaking and entering of a motor vehicle, felony larceny, and larceny of a firearm under file number 10 CRS 50049; possession of a firearm by a felon under file number 10 CRS 50050; and voluntary

manslaughter, reduced from second-degree murder under file number 10 CRS 51449.

The Honorable L. Todd Burke, Judge presiding, accepted defendant's guilty pleas. The trial court credited defendant with six prior record level points, making him a level three felon for sentencing purposes. The trial court entered a consolidated judgment for all convictions and sentenced defendant to a term of 104 to 134 months.

On 4 December 2012, defendant filed with this Court a *pro se* petition for writ of certiorari for review of his sentence. By order of this Court, defendant's petition for writ of certiorari "[was] allowed for the purpose of reviewing the judgment entered 8 December 2010 . . . limited to those issues for which Defendant-Petitioner has an appeal of right pursuant to N.C. Gen. Stat. ' 15A-1444(a2)."[1]

_____

On appeal, defendant raises the following issues: whether the trial court erred in (I) calculating defendant's prior record level; (II) accepting defendant's plea in case number 10

---

[1] On 7 June 2013, defendant filed a second petition for writ of certiorari asking for an expanded review of issues defendant brought forth on appeal. Defendant's second petition for writ of certiorari was denied by this Court on 23 October 2013. *See* Issues IV, V, and VI.

CRS 50050 (possession of a firearm by a felon); (III) finding substantial similarity between defendant's out-of-state convictions and North Carolina felonies; (IV) finding substantial basis for the convictions to which defendant pled guilty; and (V) failing to determine whether defendant's admissions were made knowingly and voluntarily. Defendant also argues that he received (VI) ineffective assistance of counsel.

At the outset, we acknowledge that prior to the hearing date in this Court, defendant filed with this Court a motion to withdraw his third issue presented on appeal challenging a conclusion that defendant's out-of-state convictions were substantially similar to North Carolina offenses. We allowed the motion and deem the arguments stricken from defendant's brief.

*I*

Defendant first argues that the trial court erred in calculating his prior record level and sentencing him as a level III felon with six prior record level points. Specifically, defendant contends that the trial court erred by using the same felony conviction both in its calculation of defendant's prior record level and in establishing defendant's habitual felon

status.  We agree and also note that the State concedes that defendant's argument is correct.

"[T]he trial court's assignment of a prior record level is a conclusion of law, which we review *de novo*."  *State v. Mack*, 188 N.C. App. 365, 380, 656 S.E.2d 1, 12 (2008) (citation omitted).

"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved . . . ."  N.C. Gen. Stat. ' 15A-1340.14(a) (2013). "In determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used."  N.C. Gen. Stat. ' 14-7.6 (2013).

Our General Statutes, section 14-7.1 defines habitual felon as follows:

> Any person who has been convicted of or pled guilty to three felony offenses . . .  is declared to be an habitual felon and may be charged as a status offender pursuant to this Article. . . . The commission of a second felony shall not fall within the purview of this Article unless it is committed after the conviction of or plea of guilty to the first felony. The commission of a third felony shall not fall within the purview of this Article unless it is committed after the conviction of or plea of guilty to the second felony.

N.C. Gen. Stat. § 14-7.1 (2013).

On 4 October 2010, a Stokes County grand jury issued a superseding indictment under file number 10 CRS 466 charging defendant with attaining habitual felon status. The following felony offenses were alleged in the indictment and used to establish habitual felon status: (1) larceny by conversion, for which defendant was convicted on 14 November 1986 in Michigan; (2) escape from jail, for which defendant was convicted on 29 April 1988 in Carter County, Tennessee (case number 9101); and (3) attempted false pretenses involving property valued over $100.00, for which defendant was convicted on 16 August 1990.

On 8 December 2010, in accordance with his plea agreement, defendant pled guilty to attaining habitual felon status. The State provided judgments for each conviction alleged in the superseding indictment (file number 10 CRS 466). In calculating defendant's prior record level, the trial court scored two prior felony class I convictions and two prior misdemeanor class 1 convictions in calculating defendant's six prior record level points, giving him a prior felony record level of III. On defendant's prior convictions worksheet, two class I convictions were listed: embezzlement, for which defendant was convicted on 3 September 1992; and escape, for which defendant was convicted

on 29 April 1988 in Carter County, Tennessee. The file number listed with the escape offense is case number 9101.

Defendant's 29 April 1988 conviction for escape from jail in Carter County, Tennessee is listed both in establishing defendant's habitual felon status and defendant's prior record level. This is a violation of General Statutes, section ' 14-7.6 ("In determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used."). Accordingly, we reverse the trial court's judgment and remand for re-sentencing.

*II*

Defendant argues that the trial court erred in accepting defendant's plea of guilty and entering judgment against him on the charge of possession of a firearm by a felon under case number 10 CRS 50050. Defendant contends that no indictment was entered against him and, therefore, the trial court lacked jurisdiction to accept his plea. The State also concedes that defendant's conviction should be vacated. We agree.

"North Carolina law has long provided that there can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatsoever, and if it assumes

jurisdiction a trial and conviction are a nullity." *State v. Partridge*, 157 N.C. App. 568, 570, 579 S.E.2d 398, 399 (2003) (citing to *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17-18 (1966)) (citation, quotations, and brackets omitted). "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Crawford*, 167 N.C. App. 777, 779, 606 S.E.2d 375, 377 (2005) (citation and quotations omitted).

Pursuant to General Statutes, section 15A-641,

> (a) Any indictment is a written accusation by a grand jury, filed with a superior court, charging a person with the commission of one or more criminal offenses.
>
> (b) An information is a written accusation by a prosecutor, filed with a superior court, charging a person represented by counsel with the commission of one or more criminal offenses.

N.C. Gen. Stat. ' 15A-641(a), (b) (2013). On the record before us there is no indication that a formal accusation was made against defendant on the charge of possession of a firearm by a felon. The record before us contains neither an indictment nor a bill of information on the charge of possession of a firearm by a felon. However, on 8 December 2010, the trial court accepted defendant's plea of guilty to this offense and included

the conviction for possession of a firearm by a felon on the 8 December 2010 consolidated judgment sentencing defendant to a term of 104 to 134 months.

As there was no formal accusation against defendant of the criminal offense possession of a firearm by a felon, the trial court lacked jurisdiction to accept defendant's guilty plea on this charge, and we must vacate the judgment entered against defendant on the charge of possession of a firearm by a felon under file number 10 CRS 50050.  *See Crawford*, 167 N.C. App. at 779, 606 S.E.2d at 377.

*IV*, *V*, & *VI*

In defendant's arguments presented in sections IV, V, and VI of his brief, defendant challenges whether the trial court erred in accepting his guilty pleas for lack of a factual basis, whether his admissions were made knowingly and voluntarily, and whether he received ineffective assistance of counsel.

We note that pursuant to our 10 December 2012 order defendant's appeal was "limited to those issues for which Defendant-Petitioner has an appeal of right pursuant to N.C. Gen. Stat. ' 15A-1444(a2)."

Pursuant to North Carolina General Statutes, section 15A-1444,

> [a] defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
>
> (1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;
>
> (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
>
> (3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.

N.C. Gen. Stat. § 15A-1444(a2) (2013). Because defendant's arguments under heading IV through VI contain issues that are outside the scope of the categories enumerated under section 15A-1444(a2), and because we have previously denied defendant's petition for writ of certiorari to review these arguments, they will not be heard on appeal. Accordingly, we dismiss these arguments.

Vacate possession of a firearm by a felon conviction; reverse and remand for resentencing on remaining charges.

Judges McGEE and STROUD concur.

Report per Rule 30(e).