**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4642**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ROBERT LEWIS PRATT,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00094-JAB-1)

Submitted:  June 17, 2010          Decided:  August 20, 2010

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lewis Pratt appeals the district court's judgment revoking his supervised release and sentencing him to thirty months' imprisonment. Pratt's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the reasonableness of Pratt's sentence on the ground that it was premised upon an improper calculation of the Chapter Seven policy statement range in the federal sentencing guidelines. Specifically, counsel questions whether the district court properly concluded that Pratt committed a Grade A violation of supervised release. Pratt was advised of his right to file a pro se supplemental brief, but he did not file one.

We review a sentence imposed as a result of a supervised release violation to determine whether it is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence is unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. However, "[t]his initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652,

2

656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 438). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis — whether the sentence was plainly unreasonable. Crudup, 461 F.3d at 439.

Under U.S. Sentencing Guidelines Manual § 7B1.1(a)(1) (2007), a Grade A violation results from "conduct constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." USSG § 7B1.1(a)(1). A controlled substance offense for purposes of § 7B1.1(a)(1) includes state or federal crimes prohibiting the distribution of a controlled substance, as well as the possession of a controlled substance with the intent to distribute, and that are punishable by more than a year in prison. USSG §§ 4B1.2(b), 7B1.1 cmt. (n.3). The commentary to USSG § 7B1.1, p.s. emphasizes that the "grade of violation does not depend on the conduct that is the subject of criminal charges of which the defendant is convicted in a criminal proceeding. Rather, the grade of violation is to be based on the defendant's actual conduct." USSG § 7B1.1, p.s., cmt. (n.1).

Pratt argues that his most serious supervised release violation was possession of cocaine, a Grade B violation, and that he cannot be deemed to have committed a Grade A violation because the North Carolina state charges against him that

3

amounted to a Grade A violation were dismissed. This is simply incorrect. A violation of the terms of supervised release is determined on the basis of a defendant's conduct and may be found whether Pratt was ever convicted of any particular offense. See United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002). Further, although a conviction requires proof beyond a reasonable doubt, a violation of supervised release need only be proved by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2006).

Here, Pratt originally had been charged with possession with intent to manufacture, sell, or deliver Schedule II and VI controlled substances, in violation of N.C. Gen. Stat. § 90-95(b)(1), (2) (2007), punishable by more than a year in prison. N.C. Gen. Stat. § 15A-1340.17(c), (d) (2007). Although these charges ultimately were dismissed, Pratt admitted to conduct constituting the felony controlled substance offense of possession with intent to distribute a controlled substance, when he acknowledged that he had been using drugs with "some girls" and "ran out to get more drugs." See State v. Mack, 656 S.E.2d 1, 13 (N.C. Ct. App. 2008) (discussing elements of N.C. Gen. Stat. § 90-95(a) offense). Accordingly, we conclude that a preponderance of the evidence supported the district court's finding that Pratt committed a Grade A violation.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment revoking Pratt's supervised release and imposing a thirty-month term of imprisonment. This court requires that counsel inform Pratt, in writing, of the right to petition the Supreme Court of the United States for further review. If Pratt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pratt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>