An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e     P r o c e d u r e .

NO. COA13-1352

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

v.

GREGORY ALDON PERKINS,
    Defendant.

Wake County
Nos. 09 CRS 211758—60, 211765

Appeal by defendant from judgments entered 4 December 2012 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 7 May 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Anita LeVeaux, for the State.*
>
> *Glenn Gerding for defendant-appellant.*

BRYANT, Judge.

Pursuant to Rule 609 of our Rules of Evidence, a defendant who testifies at trial may be impeached with evidence of a prior conviction. Whether a defendant's testimony at trial was chilled by the State's use of Rule 609 depends on the particular facts of the case. Where no authority exists in support of

defendant's argument that the trial court erred by failing to intervene *ex mero motu* during the prosecutor's sentencing argument before the trial court, defendant's argument must be dismissed.

On 4 December 2009, defendant Gregory Aldon Perkins was arrested on charges of first-degree sexual offense with a child, first-degree rape of a child, and incest. Defendant was indicted and tried on those charges during the November 2010 session of Wake County Superior Court, but after the jury failed to reach a verdict, a mistrial was declared.

Defendant was tried a second time on twenty counts of various child sexual assault offenses. Defendant was convicted of one count of indecent liberties with a child. Because the jury failed to reach verdicts on the remaining counts, a mistrial was declared. Judgment was entered, and defendant was sentenced on 29 September 2011 for the indecent liberties conviction. Defendant was sentenced to an active term of sixteen to twenty months, and ordered to register as a sex offender upon his release and to undergo a risk assessment for satellite-based monitoring.

On 26 November 2012, defendant was retried and convicted by a jury on four charges: one count each of first-degree sexual

offense by digital vaginal penetration, first-degree sexual offense by cunnilingus, first-degree rape of a child, and incest. The State's evidence at trial tended to show the following.

In June 1998, defendant was hired by "Jane"[1] to perform computer system work for the Town of Albemarle. At that time, Jane was married with two girls, "Susan" and "Carrie"; defendant was also married but had no children. Defendant and Jane separated from their spouses to begin dating each other. They married in June 2001 and subsequently moved from Albemarle to Apex.

Carrie testified that when she was in the third grade, defendant began to sexually abuse her. Defendant would give Carrie a back rub before moving his hands beneath her clothes. The sexual abuse included defendant digitally penetrating her vagina and performing oral sex on her. Defendant also taught Carrie how to perform oral sex on him. According to Carrie, the abuse occurred as many as four times a week.

In the summer before she began the sixth grade, defendant had vaginal intercourse with Carrie. Defendant offered Carrie a

---

[1] "Jane," "Susan," and "Carrie" are pseudonyms used to protect the identity of the victim.

"deal" by which she could receive things such as new clothes, no curfew restrictions, or spending more time with friends if she cooperated with his requests for sex. When Carrie was in the ninth grade, defendant convinced Jane to let Carrie start taking birth control. Carrie reiterated that defendant would typically abuse her about four times a week.

In 2008, defendant announced that he was unhappy with his marriage to Jane and wanted to move out of the house. Defendant's last sexual encounter with Carrie occurred sometime between Christmas 2008 and January 2009 when he moved out.

In October 2009, Carrie became upset while looking at pictures of accused sexual offenders in a newspaper and told her boyfriend that defendant had sexually abused her. Carrie then told her sister, Susan, and her mother, Jane, that defendant had abused her "for a long time." Jane called the Apex Police Department.

The Apex Police interviewed Carrie, Susan, Jane, and Carrie's boyfriend. They also interviewed two childhood friends of Carrie who, years before, had been told by Carrie that she was being sexually abused by defendant. Mental health counselors determined that Carrie was depressed and exhibited symptoms of post-traumatic stress disorder associated with long-

term child sexual abuse. When interviewed by the Apex Police, defendant denied Carrie's allegations and stated that Carrie created the allegations against him because she did not want defendant to reconcile with Jane.

After his conviction on all four counts, defendant stipulated to being a prior conviction level II. The trial court found as a mitigating factor that defendant was honorably discharged from the military but that this factor did not warrant sentencing in the mitigated range. Defendant was sentenced to three consecutive active sentences of 276 to 341 months each for first-degree sexual offense by digital vaginal penetration (09 CRS 211758), first-degree sexual offense by cunnilingus (09 CRS 211759), and first-degree rape of a child under the age of thirteen (09 CRS 211760). Defendant was further sentenced to 19 to 24 months for incest (09 CRS 211765) to run at the expiration of the judgment for first-degree rape of a child. Defendant appeals.

_____

Defendant raises three issues on appeal: whether the trial court erred (I) in ruling that defendant's prior conviction was admissible; (II) in using defendant's prior conviction to calculate his prior record level; and (III) by failing to

intervene *ex mero motu* during the prosecutor's arguments during sentencing.

### I.

Defendant argues the trial court erred in ruling that defendant's prior conviction was admissible if defendant testified. We disagree.

North Carolina Rules of Evidence, Rule 609, holds that: "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony, or of a Class A1, Class 1, or Class 2 misdemeanor, shall be admitted if elicited from the witness or established by public record during cross-examination or thereafter." N.C. Gen. Stat. § 8C-1, Rule 609(a) (2013). "The language of Rule 609(a) ('shall be admitted') is mandatory[.]" *State v. Brown*, 357 N.C. 382, 390, 584 S.E.2d 278, 283 (2003).

Defendant filed a motion *in limine* to exclude evidence of his prior conviction. In response, at the pretrial hearing, the State argued that pursuant to Rule 609 it was permitted to question defendant about his prior conviction if defendant testified at trial. The trial court, in denying defendant's motion, held that the State could cross-examine defendant as to his prior conviction pursuant to Rule 609 but restricted the

State from mentioning the prior conviction unless and until defendant testified. The trial court then reserved further consideration of the issue until defendant testified.

Defendant contends the trial court's ruling on his motion *in limine* "chilled his right to testify and present a defense." Defendant's argument is similar to those made based on an improper impeachment by prior conviction. However, because of the ruling of the United States Supreme Court in *Luce v. United States*, 469 U.S. 38, 43 (1984) (holding that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify"), defendant's argument is not properly preserved for appeal. *See State v. Hunt*, 123 N.C. App. 762, 770, 475 S.E.2d 722, 727 (1996) ("[I]n the absence of a defendant's testimony, any potential harm is purely speculative. . . . We hold that in order to preserve rulings made under North Carolina Rule[s] of Evidence . . . for appeal, a defendant must testify."); *State v. Norris*, 101 N.C. App. 144, 148—49, 398 S.E.2d 652, 654—55 (1990) (holding that where a defendant does not testify, defendant's claims of harm via chilled speech are speculative). Accordingly, this portion of defendant's argument is dismissed.

*II.*

Defendant next argues that the trial court erred in using his prior conviction to calculate his prior record level. We disagree.

This Court reviews the trial court's determination of a defendant's prior record level *de novo*. *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007).

Defendant contends the trial court's use of his prior conviction to calculate his prior record level was prejudicial error. However, defendant stipulated to his prior record level. Although the State must prove

> that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction. . . . [D]efense counsel need not affirmatively state what a defendant's prior record level is for a stipulation with respect to that defendant's prior record level to occur.

*State v. Mack*, 188 N.C. App. 365, 378, 656 S.E.2d 1, 11 (2008) (citations and quotations omitted). Where a defendant indicates his agreement with the State's calculation of his prior record level, such stipulation is binding. *Id*. at 379, 656 S.E.2d at 11.

Here, the State presented the trial court with a prior record level worksheet for defendant. When the trial court asked defendant if he wished to respond to the worksheet,

defendant responded: "I have stipulated to that, Your Honor." As such, defendant's stipulation as to his prior record level was binding. Accordingly, the trial court did not err in calculating defendant's prior record level.

*III.*

In his final assignment of error, defendant contends the trial court erred by failing to intervene *ex mero motu* during the prosecutor's arguments during sentencing. However, defendant's argument, while creative, is without merit. Defendant cites to no authority, and we are aware of none, in which an argument of counsel during a sentencing hearing before the trial judge, as opposed to a jury, is subject to review on appeal for error. Moreover, "[f]ailure to cite authority is a violation of N.C. R. App. P. 28(b)(6) and subjects this argument to dismissal." *Good Hope Health Sys., L.L.C. v. N.C. Dep't of Health & Human Servs.*, 189 N.C. App. 534, 562, 659 S.E.2d 456, 473 (2008) (citations omitted).

Even assuming *arguendo* we reviewed defendant's argument, it must fail. Although defendant contends the State's sentencing argument improperly influenced the trial court because defendant was sentenced to consecutive terms, this Court has held that there is "nothing inherent[ly prejudicial] in consecutive

sentencing" because "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *State v. Ysaguire*, 309 N.C. 780, 785—86, 309 S.E.2d 436, 440 (1983) (citation omitted). There is nothing inherently prejudicial in sentencing defendant to consecutive terms for four convictions involving long-term sexual abuse of his step-daughter. Defendant's argument is therefore overruled.

No error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).