An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-203
NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

v.                                    Cleveland County
                                      No. 08 CRS 774
ALFRED LEE BROOKS


Appeal by defendant by *writ of certiorari* from judgments entered 19 April 2012 by Judge Timothy S. Kincaid in Cleveland County Superior Court. Heard in the Court of Appeals 25 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Michael T. Henry, for the State.*

> *Jon W. Myers, for defendant-appellant.*


CALABRIA, Judge.


Alfred Lee Brooks ("defendant") appeals by *writ of certiorari* from judgments entered upon jury verdicts finding him guilty of possession with intent to sell or deliver cocaine ("PWISD") and sale of cocaine. We find no error.

On 10 December 2007, Randy Connor ("Detective Connor"), an investigator in the vice narcotics unit of the Shelby Police

Department, met with a confidential informant ("Mr. West") for the purpose of arranging an undercover illegal narcotic purchase. Detective Connor gave Mr. West twenty dollars, a video recording system, and sent him to Palmer Street in search of an individual known as "Cornbread." Upon arriving at the location, Mr. West learned that Cornbread was unavailable. Mr. West was then approached by defendant, and Mr. West asked defendant "was he straight, basically asking him did he have anything." Mr. West and defendant agreed to a transaction, and defendant went across the street to his car. When defendant returned, he handed Mr. West "two small [] rocks" of what appeared to be crack cocaine. Mr. West handed defendant the money Detective Connor had given him. Mr. West then brought the substance to another detective and they were placed in an evidence bag. Field tests were performed on the substance, and the substance tested positive for cocaine. Defendant was subsequently arrested and charged with PWISD and sale of cocaine. At trial, defendant stipulated to the admission of a State Bureau of Investigation ("SBI") laboratory report which identified the material obtained by Mr. West as .1 grams of cocaine base. The jury returned verdicts finding defendant guilty of PWISD and sale of cocaine. The trial court sentenced

defendant to consecutive terms of a minimum of ten months to a maximum of twelve months for the PWISD offense and a minimum of sixteen to a maximum of twenty months for the sale of cocaine offense in the custody of the Division of Adult Correction. On 7 March 2013, this Court granted defendant's petition for *writ of certiorari*.

Defendant's sole argument on appeal is that the trial court erred by denying his motion to dismiss both charges for insufficiency of the evidence. Specifically, defendant contends that the State failed to prove that the substance Mr. West obtained from defendant was a controlled substance. We disagree.

"Upon a defendant's motion to dismiss for insufficient evidence, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged . . . and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Cox*, ___ N.C. ___, ___, 749 S.E.2d 271, 274 (2013) (alteration in original) (citation omitted). "The evidence is to be considered in the light most favorable to the State, and the State is entitled to . . . every reasonable

inference to be drawn therefrom." *Id.* (alteration in original) (citation omitted).

The elements of PWISD are "(1) possession of a substance; (2) the substance must be a controlled substance; and (3) there must be intent to sell or distribute the controlled substance." *State v. Mack*, 188 N.C. App. 365, 382, 656 S.E.2d 1, 13 (2008) (citations omitted). "Similarly, [t]o prove sale and/or delivery of a controlled substance, the State must show a transfer of controlled substance by either sale or delivery, or both." *Id.* (citations omitted). Cocaine is a Schedule II controlled substance. N.C. Gen. Stat. § 90-90 (1)(d) (2013).

In the instant case, defendant does not dispute that he was the perpetrator. Therefore, this Court needs to determine whether the State presented substantial evidence for both PWISD and sale of cocaine that the substance defendant possessed and sold was a controlled substance, namely, cocaine. *See* N.C. Gen. Stat. § 90-95 (2013). To prove that the substance obtained from defendant was cocaine, the State sought admission of the SBI's laboratory report ("SBI report"). Defendant stipulated to the admission of the SBI report.

Defendant contends that his stipulation was limited to admission of the SBI report without the necessary testimony from

a laboratory analyst, and that he did not stipulate to the conclusions contained in the report. However, prior to accepting defendant's stipulation, the trial court clarified to defendant what the stipulation entailed:

> One of the elements that the State has to prove for the offenses that you are charged with is that the substance seized was a controlled substance.
>
> You can require the State to prove that. That would mean that they have to call an expert witness to prove those issues. However, your attorney has indicated that you – she is willing to stipulate – stipulated to the lab report coming in or that the substance is –
>
> [Defense Counsel]: We stipulate to the lab report coming in.
>
> The Court: Okay. So that means that evidence will be in front of the jury without someone having to come in and testify that the substance they tested was whatever it was and this was their report and all that; do you understand that?

Defendant responded that he understood, and agreed and stipulated that this was acceptable. Because defendant stipulated to the admission of the SBI report, he has failed to preserve this issue for appellate review. *See State v. Ward*, ___ N.C. App. ___, ___, 742 S.E.2d 550, 554 (2013) (holding that defendant failed to preserve issue for appellate review by failing to object to a laboratory report and by stipulating to

facts included in the substance of the report); *see* N.C.R. App. P. 10(a)(1) (2013).

Defendant also contends that the trial court erred in admitting evidence of the field test conducted on the substance. However, because the SBI report was "sufficient in itself to identify the substance as cocaine," we do not need to address this argument. *State v. Jones*, __ N.C. App. __, __, 725 S.E.2d 910, 913 (SBI lab report was "sufficient in itself to identify the substance as cocaine."), *appeal dismissed, review denied*, 366 N.C. 231, 731 S.E.2d 421 (2012). Accordingly, we conclude the trial court did not err by denying defendant's motion to dismiss.

No error.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).