STATE OF NORTH CAROLINA v. CHRIS ALAN JONES

No. COA10-475

(Filed 21 December 2010)

**1. Constitutional Law— right to confrontation—chemical analysis report—non-testifying analyst—lay opinion testimony—erroneously admitted**

The trial court committed plain error in a possession of cocaine with intent to sell or deliver case by admitting into evidence a chemical analysis report prepared by an analyst who did not testify at trial and a police officer's testimony about the report. The trial court also committed plain error by admitting into evidence the police officer's testimony that the substance he found in defendant's jacket was cocaine.

**2. Drugs— possession of cocaine with intent to sell or deliver—erroneously admitted report—sufficient evidence**

The trial court did not err in denying defendant's motion to dismiss the charge of possession of cocaine with intent to sell or deliver. The trial court must consider all evidence actually admitted when ruling on a motion to dismiss, even though the chemical analysis report which provided chemical evidence that the substance found in defendant's jacket was cocaine was erroneously admitted.

Appeal by defendant from judgments entered 7 January 2010 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 October 2010.

*Roy Cooper, Attorney General, by Joseph E. Elder, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Charlesena Elliott Walker, Assistant Appellate Defender, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was indicted upon charges of possession of cocaine with intent to sell or deliver, assault on a government official, and having attained habitual felon status. Defendant pled not guilty.

The evidence at trial tended to show that on 28 May 2008, Officer Greg Tucker of the Charlotte-Mecklenburg County Police Department

**STATE v. JONES**

[208 N.C. App. 734 (2010)]

(CMPD) was attempting to serve a warrant on defendant. When Officer Tucker approached, defendant ran away. Officer Tucker chased defendant and a scuffle between the two ensued. Defendant threw punches with his left hand, keeping his right hand in his jacket pocket. During the scuffle, defendant's jacket came off. Once defendant was subdued and handcuffed, he was taken to the police vehicle. After defendant was secured in the vehicle, Officer Tucker retrieved defendant's jacket and found a substance which he identified as cocaine in the right jacket pocket.

At trial, Officer Tucker testified, without objection, that he was able to identify the substance. He detailed for the jury that he had four years of experience and training in identifying illegal substances while working at CMPD. Officer Tucker also testified, without objection, that the 22 rocks of cocaine were packaged individually, which, in his experience, was typical for drugs meant for individual sale.

The trial court also admitted, without objection, a chemical analysis report written by CMPD crime lab technician Anne Charlesworth. Ms. Charlesworth's report detailed the chemical analysis she did on the substance and her conclusion that the substance was cocaine. She did not testify at trial.

Defendant did not offer any evidence. The jury found him guilty of possession of cocaine with intent to sell or deliver and assault upon a government official. In a subsequent separate proceeding, the jury also found that defendant had attained the status of an habitual felon. Defendant was sentenced to 130 to 165 months' imprisonment. He appeals.

[1] On appeal, defendant contends the trial court committed plain error when it admitted Charlesworth's report into evidence and allowed Officer Tucker to testify as to the results of Charlesworth's chemical analysis, and permitted Officer Tucker to testify that the substance he found in defendant's jacket was cocaine. We agree and conclude defendant is entitled to a new trial.

Defendant challenges the admission of the chemical analysis report that was prepared by Anne Charlesworth and testified about by Officer Tucker at trial on the basis that his Sixth Amendment Confrontation Clause rights were violated. The report summarized testing done by Ms. Charlesworth and concluded that the substance found in defendant's jacket was cocaine. Ms. Charlesworth did not testify at trial.

Defendant did not object to Officer Tucker's testimony or the admission of Ms. Charlesworth's report; therefore, our review is limited to a determination of whether the admission of this evidence amounted to "plain error." "Plain error" has been defined as including error so grave as to deny a fundamental right of the defendant so that, absent the error, the jury would have reached a different result. *State v. Robinson*, 330 N.C. 1, 22, 409 S.E.2d 288, 300 (1991).

The Confrontation Clause prohibits testimonial statements from an unavailable witness being presented at trial without the defendant having an opportunity to cross-examine the witness prior to trial. *Crawford v. Washington*, 541 U.S. 36, 50-52, 158 L. Ed. 2d 177, 187 (2004). It is clear that Ms. Charlesworth's report was testimonial in nature. *See Melendez-Diaz v. Massachusetts*, —— U.S. ——, ——, 174 L. Ed. 2d 314, 321-22 (2009) (holding that reports of chemical analyses were testimonial in nature, and subject to the Confrontation Clause requirements). There was no evidence that defendant had an opportunity to cross-examine Ms. Charlesworth. Therefore, admitting the report and permitting Officer Tucker to testify to its contents violated defend-ant's Confrontation Clause rights.

"A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." N.C. Gen. Stat. § 15A-1443(b) (2009).

Defendant was charged with possession of cocaine with intent to sell or deliver. This charge requires that the State prove beyond a reasonable doubt that the substance found in defendant's jacket was in fact cocaine. *See* N.C. Gen. Stat. § 90-95(a)(1) (2009). The only other evidence presented at trial identifying the substance as cocaine was the testimony of Officer Tucker. At trial, Officer Tucker testified that he checked the pocket of defendant's jacket and found "twenty two individual rocks of crack cocaine."

Visual identification, even by a trained police officer such as Officer Tucker with four years of experience, is not enough to identify beyond a reasonable doubt a substance chemically defined by our legislature. *State v. Ward*, 364 N.C. 133, 142-43, 694 S.E.2d 738, 743-44 (2010); *State v. Williams*, 10-58-1 (N.C. App. Dec. 7, 2010) (holding that lay witness testimony, regardless of credentials and experience, is insufficient to prove the identity of a controlled substance); *State v. Nabors*, —— N.C. App. ——, ——, 700 S.E.2d 153, 158 (2010) (holding

that lay opinion based on physical appearance is not enough to identify crack-cocaine); *State v. Meadows*, —— N.C. App. ——, ——, 687 S.E.2d 305, 309 (holding that controlled substances defined by their chemical composition can only be identified through chemical analysis and not through visual inspection), *disc. review denied*, 364 N.C. 245, 669 S.E.2d 640 (2010).

Officer Tucker did not conduct any chemical analysis on the substance retrieved from defendant's pocket. His testimony that the substance was crack cocaine was based solely on visual observation, and was not sufficient to meet the State's burden of proving the substance was cocaine. Therefore, the improper admission of and testimony about the Charlesworth report was not harmless. Defendant is entitled to a new trial.

[2] Defendant also contends the trial court erred in denying his motion to dismiss. On a motion to dismiss, the question for the trial court is whether there is substantial evidence of each element of the offense charged and that defendant was the person who committed the offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). Defendant argues that the State did not meet its burden to present substantial evidence of all the elements of possession with intent to sell or deliver, because the admission of and testimony about the Charlesworth report was admitted in error, and Officer Tucker's testimony standing alone was not sufficient to prove the chemical make-up of the substance.

When ruling on a motion to dismiss, the trial court is to consider "all of the evidence actually admitted, whether competent or incompetent." *State v. Vause*, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991). "[T]he fact that some of the evidence was erroneously admitted by the trial court is not a sufficient basis for granting a motion to dismiss." *State v. Jones*, 342 N.C. 523, 540, 467 S.E.2d 12, 23 (1996); *see also State v. Morton*, 166 N.C. App. 477, 482, 601 S.E.2d 873, 876 (2004) (holding that erroneously admitted evidence may be considered when ruling on a motion to dismiss). The Charlesworth report, even though erroneously admitted, did provide chemical evidence that the substance found in defendant's jacket was cocaine, thus providing substantial evidence, for the purpose of defendant's motion, that the substance possessed was indeed cocaine.

**STATE v. JONES**

[208 N.C. App. 734 (2010)]

Defendant also claims the motion to dismiss should have been granted because the State produced no evidence that he intended to sell or deliver the cocaine. However, Officer Tucker testified that the packaging of the substance was indicative that it was being held for sale and, therefore, there was circumstantial evidence of an intent to sell. *See State v. Carr*, 122 N.C. App. 369, 373, 470 S.E.2d 70, 73 (1996) (holding that the manner a controlled substance is packaged may be considered in establishing intent to sell and deliver).

Because we have determined that defendant is entitled to a new trial for the reasons stated above, we do not reach his remaining arguments by which he contends his trial counsel rendered ineffective assistance of counsel.

New Trial.

Judges STEPHENS and STROUD concur.