STATE OF NORTH CAROLINA V. CHRIS ALAN JONES, DEFENDANT

No. COA10-475-2

(Filed: 5 June 2012)

**1. Evidence—chemical analysis report—adequate notice of report given to defendant—no objection**

The trial court did not err in a drugs case by admitting into evidence an SBI crime lab report detailing the results of a chemical analysis without testimony of the analyst. The State sent a copy of the lab report to defendant more than fifteen days before trial and provided defendant with notice that they intended to use it at trial. Defendant never objected.

**2. Constitutional Law—effective assistance of counsel—no motion to suppress filed—search lawful—no prejudice**

Defendant did not receive ineffective assistance of counsel in a drug case where his attorney did not file a motion to suppress the evidence found pursuant to the search of his jacket made incident to arrest. Because the search incident to defendant's arrest was lawful, defense counsel's failure to file a motion to suppress was not prejudicial.

**3. Constitutional Law—effective assistance of counsel—no objection to evidence—evidence admissible—no prejudice**

Defendant did not receive ineffective assistance of counsel in a drug case where his attorney did not object to a police officer's testimony identifying the controlled substance found in defendant's jacket as crack cocaine and reciting the results of an SBI lab report, and to the lab report itself. The lab report itself was admissible under N.C.G.S. § 90-95(g) and even if it was error to admit the officer's testimony, any such error could not have been prejudicial.

On remand from the North Carolina Supreme Court by order filed 9 March 2012 vacating the 21 December 2010 decision of the Court of Appeals and remanding the matter with instructions to reconsider in light of the amended record.

*Roy Cooper, Attorney General, by Catherine F. Jordan, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Charlesena Elliott Walker, Assistant Appellate Defender, for defendant-appellee.*

MARTIN, Chief Judge.

Our recitation of the facts is limited to those events deemed relevant to the issues before us on remand. Details regarding the underlying facts of this case can be found in *State v. Jones,* _____ N.C. App. _____, 703 S.E.2d 772 (2010).

On 21 December 2010, this Court issued an opinion awarding defendant a new trial, finding that the trial court committed plain error when it admitted a State Bureau of Investigation ("SBI") crime lab report into evidence without testimony by the analyst and allowed the arresting officer to testify that the substance seized pursuant to arrest was crack cocaine. This Court reasoned that the report was testimonial in nature and thus subject to Sixth Amendment protection, and that the officer's testimony alone was not sufficient to identify the substance beyond a reasonable doubt. Because this Court awarded a new trial on these grounds, it declined to address defendant's argument that he received ineffective assistance of counsel.

Thereafter, the State filed petitions for writ of supersedeas and discretionary review with the North Carolina Supreme Court, arguing

that the Court of Appeals erred in ordering a new trial. The Court granted these petitions and both parties submitted briefs. The State then filed a motion to amend the record on appeal to include a copy of the crime lab report showing the substance to be cocaine and a copy of the N.C.G.S. § 90-95(g)-notice provided to defense counsel by the District Attorney's Office on 8 September 2009, indicating an intent to introduce the report into evidence. These documents were omitted from the record which had been filed in the Court of Appeals and the State did not argue in its original brief that the N.C.G.S. § 90-95(g)-notice had been given. The Court granted the motion to amend the record and remanded the case for reconsideration in light of the amended record.

---

**[1]** The State contends the SBI crime lab report was admissible without testimony of the analyst. We agree.

Under N.C.G.S. § 90-95(g),

> [w]henever matter is submitted to the North Carolina State Crime Laboratory . . . for chemical analysis to determine if the matter is or contains a controlled substance, the report of that analysis certified to upon a form approved by the Attorney General by the person performing the analysis *shall be admissible without further authentication and without the testimony of the analyst* in all proceedings in the district court and superior court divisions of the General Court of Justice as evidence of the identity, nature, and quantity of the matter analyzed. Provided, however, the provisions of this subsection may be utilized by the State only if:
>
> (1) The State notifies the defendant at least 15 business days before the proceeding at which the report would be used of its intention to introduce the report into evidence under this subsection and provides a copy of the report to the defendant, and
>
> (2) The defendant fails to file a written objection with the court, with a copy to the State, at least five business days before the proceeding that the defendant objects to the introduction of the report into evidence.

N.C. Gen. Stat. § 90-95(g) (2011) (emphasis added). Here the State sent a copy of the lab report to defendant's counsel more than fifteen days before trial, during discovery, and provided him with notice that they intended to use it at trial. Defendant never objected. The notice

of intent was not originally included in the record on appeal, according to the State, because defendant did not list the issue of "whether the trial court committed plain error when it permitted non-expert Officer Tucker to testify to the result of the chemical analysis performed by a SBI analyst that didn't testify" as a proposed issue, but later included it in his brief after the record on appeal was settled.

Thus, the lab report should have been admitted into evidence without testimony from the SBI analyst, and would be sufficient in itself to identify the substance as cocaine. *See State v. Carr*, 145 N.C. App. 335, 340-41, 549 S.E.2d 897, 901 (2001). The State, therefore, would not need to rely on the testimony of Officer Tucker to identify the substance, which, on its own, would have been insufficient. For this reason, the grounds on which this Court previously awarded a new trial are no longer applicable.

[2] Accordingly, we now address defendant's claim of ineffective assistance of counsel. Defendant contends he received ineffective assistance of counsel because his attorney failed to file a motion to suppress the evidence found pursuant to the search of his jacket made incident to arrest. Defendant contends that had his counsel filed a motion to suppress the crack cocaine found in his jacket pocket, it would have succeeded because Officer Tucker exceeded the scope of the search incident to arrest. After careful consideration, we disagree.

"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286, *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006). "[I]f a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985). "[T]o establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Allen*, 360 N.C. at 316, 626 S.E.2d at 286 (citations and internal quotation marks omitted).

Although searches conducted without search warrants are generally unreasonable under the Fourth Amendment, there are specific exceptions. *State v. Cherry*, 298 N.C. 86, 92, 257 S.E.2d 551, 556 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 796 (1980). One such exception is a search incident to lawful arrest. *Id.* Search incident to lawful arrest is justified by the need to ensure officer safety and preserve evidence. *Chimel v. California*, 395 U.S. 752, 763, 23 L. Ed. 2d 685, 694 (1969). A search incident to lawful arrest is limited in scope to the area from which the arrested person might have obtained a weapon or some item that could have been used as evidence against him. *Id.* at 768, 23 L. Ed. 2d at 697. The parameters of search incident to arrest in a given case depend upon the particular facts and circumstances. *State v. Parker*, 315 N.C. 222, 226, 337 S.E.2d 487, 489 (1985) (citing *Chimel*, 395 U.S. at 765, 23 L. Ed. 2d at 695). "The effect of putting handcuffs on the person under arrest has not been held to negate the existing circumstances surrounding a search but is considered to be only one factor in determining the necessity of the search." *Cherry*, 298 N.C. at 95, 257 S.E.2d at 557. For this reason, a "defendant in custody need not be physically able to move about in order to justify a search within a limited area once an arrest has been made." *Id.* at 95, 257 S.E.2d at 558.

The North Carolina Supreme Court has upheld the legality of the search of a defendant's jacket, which was three or four feet away, incident to his arrest when the defendant, upon being confronted by police, made a motion towards his jacket, creating a belief in the officer that he was armed. *Parker*, 315 N.C. at 226-27, 337 S.E.2d at 489-90. Based on the totality of the circumstances, and bearing in mind the need to ensure officer safety, the Court determined that the search was reasonable in this scenario. *Id.* at 227, 337 S.E.2d at 490.

Here, when Officer Tucker grabbed defendant by the wrists, he ran. While attempting to evade capture, defendant tried to punch Officer Tucker in the face while keeping his right hand inside his jacket. Defendant refused to remove his hand from his jacket pocket despite being ordered to do so. The jacket eventually came off during the struggle. Like the defendant's motion toward his jacket in *Parker*, this behavior led Officer Tucker to believe that defendant may be armed. After defendant was subdued, handcuffed, and placed in Officer Tucker's patrol vehicle, Officer Tucker walked about ten feet and retrieved the jacket from the ground. He then searched the jacket and retrieved a bag containing crack cocaine.

Accordingly, we find that defendant's counsel's failure to file a motion to suppress the crack cocaine found pursuant to the search of the jacket was not prejudicial, because the search incident to defendant's arrest was lawful. This assignment of error is overruled.

[3] Defendant further contends that his counsel provided ineffective assistance by failing to object to Officer Tucker's testimony identifying the controlled substance as crack cocaine and reciting the results of the lab report, and to the lab report itself. We disagree.

As discussed above, the lab report itself was admissible under N.C.G.S. § 90-95(g). Because the lab report identifying the substance as crack cocaine was properly admitted, even if it was error to admit Officer Tucker's testimony, any such error could not have been prejudicial. Therefore, this argument is without merit and we decline to address it further.

No error.

Judges STEPHENS and STROUD concur.